FILED
JAMES BONINI
CLERK

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

2004 FEB 18 PM 2:01

U.S. DISTRICT COURT
SOUTHERN DIST OHIO
WEST DIV CINCINNATI

DAVID BILLUPS,
   PETITIONER,

-vs-

PAT HURLEY,
   RESPONDENT.  /

CASE NO. 1:01CV731
JUDGE DLOTT
MAGISTRATE JUDGE PERELMAN

PLAINTIFF'S OBJECTIONS TO THE MAGISTRATE'S
REPORT AND RECOMMENDATION AND MOTION FOR
A DE NOVO JUDICIAL REVIEW OF THE
ENTIRE RECORD AND AFFIDAVIT.    4

Petitioner, David Billups, makes the following objections to the Magistrate's Report and Recommendation(hereinafter Report):

POINT I

PETITIONER WAS DENIED STAFF ASSISTANCE
NEEDED TO PREPARE AND DEFEND AGAINST A
A CHARGE OF A VIOLATION OF THE OHIO REVISED CODE

The Magistrate states on page 10 of the Report that Petitioner did not need staff assiatance because Petitioner is not illiterate. This is not entirely correct. Pursuant to Ohio Administrative Code(O.A.C.)#5120-9-7(I)(4)(B), which states in pertinent part: "Counsel substitute shall be appointed in cases where:

    (B)    The complexity of the issue makes it likely that the inmate will be unable to collect and present the evidence necessary for an adequate comprehension of the case.(sic)

Because the O.A.C.'s are promulgated under OHIO Revised Code(ORC) 111.15, and issued pursuant to statutory authority, ORC 5120.01, and speak in mandatory language, the Ohio Supreme Court mandates that they must be followed, LYDEN v. TARCY, 666 N.E. 2d 556 (Ohio 1996)(administrative regulations issued pursuant to statutory authority have the force and effect

-1-

of law; consequently, administrative agencies are bound by their own rules).

Petitioner was in isolation, and could not "collect and present the evidence necessary"to prove his innocence. Petitioner could not talk with the other guards involved in the alleged incident, however requested staff assistance could have done so. Petitioner's request for staff assistance was not unreasonable and should have been allowed considering the seriousness of the charge and the fact Petitioner was in isolation and unable to collect evidence or otherwise prepare his defense.

Petitioner has a liberty interest in staff assistance that was created by state law by "language of an unmistakenably manadotory character". Existing precedent in this Circuit has recognized that, "prison officials' policy statements and other promulgations" can create constitutionally protected interests, NEWSOMW vs. NORRIS, 888 F.2d 371(6th Cir. 1989).

Moreover, the United States Supreme Court specifically stated on this issue: "...where the complexity of the issue makes it unlikely that the inmate will be able to collect and present evidence neccessary for an adequate comprehension of the case, he should be free to seek...adequate substitute aid...", WOLFF vs. McDONNELL=, 418 U.S. 558 at 569-570, accord ENG vs. COUGHLIN, 858 F.2d 889, 898(2nd Cir. 1988)(), NIX vs. EVANT, 850 F.Supp. 455, 458(D.S.C. 1994).

Because the OAC speaks in mandatory language, it has created two categories of protection under the U.S. Constitution, a liberty and due process right to staff assistance when needed to "collect and present evidence"

It is clear in this case Petitioner needed staff assistance to "collect and present evidence" to prepare and defend against the charge, please see Doc.9 at 1-2; Doc. 20, RIB Hearing Cassette. Petitioner had no access to the Law Library, and could not obtain the correct names of the other guards with exculpatory evidence for the Petitioner.

POINT II

PETITIONER WAS DENIED WITNESSES
WITH EXCULPATORY EVIDENCE

The Magistrate states on Page 11 note 3 of the Report, "There is no evidence on the record that there are three correctional officers who would have teastified that petitioner did not attempt to head butt Officer Austin, as petitioner claims." As Petitioner stated in his Supplementary Opposition(Doc. 21) at page 3, Petitioner named the wrong guards whom would have testified Petitioner did not attempt to head butt anyone. As listed in the Respondent's Return of Writ filed February 14, 2001 at Exhibit "R" and Respondent's Response(Doc. 20) at EXhibit #2, Petitioner was able to correctly name the exculpatory witnesses to the Administrative Assistant which are listed in her own handwritings at the lower left hand corner of the form. These witnesses were denied without cause nor reason stated on the record. Moreover, had Petitioner been appointed staff assistance as is required bt the OAC, the mistaken names would have been discovered and corrected sooner.

Petitioner could not identify all of the guards involved in the alleged incident, this was part of the reason Petitioner needed staff assistance. Pursuant to, MILLER vs. DUCKWORTH, 963 F.2d 1002, 1004-05 n.2(7th Cir. 1992)(prisoners cannot be required to identify witnesses immediately upon receiving notice of charges). These witnesses should not have been denied especially since Petitioner "faced a credibility problem trying to disprove the charges of a prison guard", RAMER vs. KERBY, 936 F.2d 1102, 1104(10th Cir. 1991).

-3-

POINT III

PETITIONER DID NOT HAVE COMPLETE NOR 24HR
NOTICE OF THE CHARGE

In Doc. 20, RIB Hearing Cassette, Petitionercan be heard being questioned as to whether he received the conduct report. Petitioner replied in the negative because the charge had been changed and was not the same charge as on the conduct report Petitioner had originally received. Therefore, it is clear Petitioner had no complete or 24hr notice of the specific charge. OAC #5120-9-7(A) specifically states the conduct report shall list the "specific rule violated, and its class"(sic)

The "notice requirement is no mere formality." BENITEZ vs. WOLFF, 985 F.2d 662, 665(2nd Cir. 1993). As stated there, quoting McKINNON vs. PATTERSON, 568 F.2d 930, 940 n.11(2nd Cir. 1977):

> "It has many salutary effects. It compels the charging officer to be **more specific** as to the misconduct with which the inmate is charged; it serves to narrow the inquiry at the hearing to the misconduct allege;..." 985 F.2d at 665.

In his decision the Ohio Courts have recognized the importance of clearly aligning each rationale with the specific sections of statues, STATE vs. COMER No's 2002-0351, 2002-0422 Decided August 27, 2003.

Convictions of different sections of the statue have the ability to determine whether a defendant is guilty of a 1st, 2nd, 3rd, or 4th degree felony. Without it, a Defendant can not possibly prepare a defense or properly be informed of the charge against him. The question is: What level of assault was Petitioner being charged with?? One charge stated assault, but the body of the report stated "attempted head butt". Assault statues start at ORC 2903.13-14, then there are several subsections to each statue, A through G.

On the day of the hearing RIB changed the charge to ORC 2903.13, yet still did not list any one of the several subsections

-4-

associated with that statue.

POINT IV

RIB HAS NO JURISDICTION TO TRY A FELONY,
NOR INTERPRET AN ALLEGED VIOLATION OF
THE OHIO REVISED CODE

OAC#5120-9-6(E)(19) is not an Administrative Rule, it is, "any act that is a felony or misdemeanor as defined by any Ohio or Federal Law"(sic). RIB is an Administrative Tribunal, as thus, RIB can not "define" or interpret Ohio Law. Only the Ohio Courts may "define" or interpret Ohio Law, as is the same with Federal Law, RIB can not "define" or interpret Federal Law, only the Federal Courts can.

The RIB changed the violation from an administrative rule violation to that of a violation of Ohio Law. Once the charge was altered, Petitioner was not afforded a continuance as is required by OAC#5120-9-7(EE).

It is not the sanction for the behavior that transforms the conduct into a criminal penalty, it is the changing of the penalty into a violation of criminal conduct that transforms the conduct. The transformation for allowing the RIB to adjudicate guilt and impose penalties for administrative rule violations to findings of guilt of Ohio Laws, violates the separation of powers doctrine, <u>BRAY vs. RUSSELL</u>, 729 N.E. 2d 359, and also the Ohio Constitution Art. I Sec. 5 & 10 and the VI, VIII, IX, and XIV, Amendments of the U.S. Constitution.

Once the Rules Infraction Board changed the charge from an administrative rule violation to a violation of Ohio Law, the Rules Infraction Board transformed itself from an administrative agency to a judicial branch of the government and to an Ohio Court of Law making judicial decisions which is a violation of the separation of powers doctrine, 381 U.S. 443, and 722 F.2d 562.

## CONCLUSIONS

This Court should conduct a full de novo review of the entire record in this case wherein merit should be found as to each and every ground raised in the Petition.

The Magistrate and this Court should not dismissed this Petition merely because Petitioner is pro se, indigent, and a prisoner

I assert the foregoing is true and correct pursuant to 28 U.S.C 1746 under penalty of perjury.

DATE: 2.15.04

/s/ [signature]
David Billups
P.O. Box 7010-211903
Chillicothe, Ohio
7010-45601

## CERTIFICATE OF SERVICE

I hereby certify a copy of the foregoing has been served to Counsel for Respondent at" M. Scott Criss#0068105, 140 East Town Street, Columbus, Ohio 43215-6001 this 15th day of February 2004 by regular U.S. Mail.

/s/ [signature]
David Billups