FILED
JAMES BONINI
CLERK

2004 FEB 18 PM 2:01

U.S. DISTRICT COURT
SOUTHERN DIST OHIO
WEST DIV CINCINNATI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DAVID BILLUPS,
   PETITIONER,

  -vs-

PAT HURLEY,
  RESPONDENT.   /

CASE NO.  1:01CV731
JUDGE DLOTT
MAGISTRATE JUDGE PERELMAN

PLAINTIFF'S OBJECTIONS TO THE MAGISTRATE'S
REPORT AND RECOMMENDATION AND MOTION FOR
A DE NOVO JUDICIAL REVIEW OF THE
ENTIRE RECORD AND AFFIDAVIT.    4

Petitioner, David Billups, makes the following objections to the Magistrate's Report and Recommendation(hereinafter Report):

POINT I

PETITIONER WAS DENIED STAFF ASSISTANCE
NEEDED TO PREPARE AND DEFEND AGAINST A
A CHARGE OF A VIOLATION OF THE OHIO REVISED CODE

The Magistrate states on page 10 of the Report that Petitioner did not need staff assiatance because Petitioner is not illiterate. This is not entirely correct.  Pursuant to Ohio Administrative Code(O.A.C.)#5120-9-7(I)(4)(B), which states in pertinent part:  "Counsel substitute shall be appointed in cases where:

    (B) The complexity of the issue makes it likely that
    the inmate will be unable to collect and present
    the evidence necessary for an adequate comprehension
    of the case.(sic)

Because the O.A.C.'s are promulgated under OHIO Revised Code(ORC) 111.15, and issued pursuant to statutory authority, ORC 5120.01, and speak in mandatory language, the Ohio Supreme Court mandates that they must be followed, LYDEN v. TARCY, 666 N.E. 2d 556 (Ohio 1996)(administrative regulations issued pursuant to statutory authority have the force and effect

-1-

of law; consequently, administrative agencies are bound by
their own rules).

Petitioner was in isolation, and could not "collect and
present the evidence necessary"to prove his innocence.  Petitioner
could not talk with the other guards involved in the alleged
incident, however requested staff assistance could have done
so.  Petitioner's request for staff assistance was not unreasonable
and should have been allowed considering the seriousness of
the charge and the fact Petitioner was in isolation and unable
to collect evidence or otherwise prepare his defense.

Petitioner has a liberty interest in staff assistance
that was created by state law by "language of an unmistakenbly
manadotory character".  Existing precedent in this Circuit
has recognized that, "prison officials' policy statements
and other promulgations" can create constitutionally protected
interests, <u>NEWSOMW vs. NORRIS</u>, 888 F.2d 371(6th Cir. 1989).

Moreover, the United States Supreme Court specifically
stated on this issue:  "...where the complexity of the issue
makes it unlikely that the inmate will be able to collect
and present evidence neccessary for an adequate comprehension
of the case, he should be free to seek...adequate substitute
aid...", <u>WOLFF vs. McDONNELL=</u>, 418 U.S. 558 at 569-570, accord
<u>ENG vs. COUGHLIN</u>, 858 F.2d 889, 898(2nd Cir. 1988)(), <u>NIX
vs. EVANT</u>, 850 F.Supp. 455, 458(D.S.C. 1994).

Because the OAC speaks in mandatory language, it has
created two categories of protection under the U.S. Constitution,
a liberty and due process right to staff assistance when needed
to "collect and present evidence"

It is clear in this case Petitioner needed staff assistance
to "collect and present evidence" to prepare and defend against
the charge, please see Doc.9 at 1-2; Doc. 20, RIB Hearing
Cassette.  Petitioner had no access to the Law Library, and
could not obtain the correct names of the other guards with
exculpatory evidence for the Petitioner.

POINT II

PETITIONER WAS DENIED WITNESSES
WITH EXCULPATORY EVIDENCE

The Magistrate states on Page 11 note 3 of the Report,
"There is no evidence on the record that there are three correctional
officers who would have teastified that petitioner did not
attempt to head butt Officer Austin, as petitioner claims."
As Petitioner stated in his Supplementary Opposition(Doc. 21)
at page 3, Petitioner named the wrong guards whom would have
testified Petitioner did not attempt to head butt anyone.
As listed in the Respondent's Return of Writ filed February
14, 2001 at Exhibit "R" and Respondent's Response(Doc. 20)
at EXhibit #2, Petitioner was able to correctly name the
exculpatory witnesses to the Administrative Assistant which
are listed in her own handwritings at the lower left hand
corner of the form.  These witnesses were denied without cause
nor reason stated on the record.  Moreover, had Petitioner
been appointed staff assistance as is required bt the OAC,
the mistaken names would have been discovered and corrected
sooner.

Petitioner could not identify all of the guards involved
in the alleged incident, this was part of the reason Petitioner
needed staff assistance.  Pursuant to,MILLER vs. DUCKWORTH,
963 F.2d 1002, 1004-05 n.2(7th Cir. 1992)(prisoners cannot
be required to identify witnesses immediately upon receiving
notice of charges).  These witnesses should not have been
denied especially since Petitioner "faced a credibility problem
trying to disprove the charges of a prison guard", RAMER vs.
KERBY, 936 F.2d 1102, 1104(10th Cir. 1991).

-3-

## POINT III

### PETITIONER DID NOT HAVE COMPLETE NOR 24HR NOTICE OF THE CHARGE

In Doc. 20, RIB Hearing Cassette, Petitionercan be heard being questioned as to whether he received the conduct report. Petitioner replied in the negative because the charge had been changed and was not the same charge as on the conduct report Petitioner had originally received. Therefore, it is clear Petitioner had no complete or 24hr notice of the specific charge. OAC #5120-9-7(A) specifically states the conduct report shall list the "specific rule violated, and its class"(sic)

The "notice requirement is no mere formality." BENITEZ vs. WOLFF, 985 F.2d 662, 665(2nd Cir. 1993). As stated there, quoting McKINNON vs. PATTERSON, 568 F.2d 930, 940 n.11(2nd Cir. 1977):

> "It has many salutary effects. It compels the charging officer to be more specific as to the misconduct with which the inmate is charged; it serves to narrow the inquiry at the hearing to the misconduct allege;..." 985 F.2d at 665.

In his decision the Ohio Courts have recognized the importance of clearly aligning each rationale with the specific sections of statues, STATE vs. COMER No's 2002-0351, 2002-0422 Decided August 27, 2003.

Convictions of different sections of the statue have the ability to determine whether a defendant is guilty of a 1st, 2nd, 3rd, or 4th degree felony. Without it, a Defendant can not possibly prepare a defense or properly be informed of the charge against him. The question is: What level of assault was Petitioner being charged with?? One charge stated assault, but the body of the report stated "attempted head butt". Assault statues start at ORC 2903.13-14, then there are several subsections to each statue, A through G.

On the day of the hearing RIB changed the charge to ORC 2903.13, yet still did not list any one of the several subsections

-4-

associated with that statue.

POINT IV

RIB HAS NO JURISDICTION TO TRY A FELONY,
NOR INTERPRET AN ALLEGED VIOLATION OF
THE OHIO REVISED CODE

OAC#5120-9-6(E)(19) is not an Administrative Rule, it is, "any act that is a felony or misdemeanor as defined by any Ohio or Federal Law"(sic).  RIB is an Administrative Tribunal, as thus, RIB can not "define" or interpret Ohio Law.  Only the Ohio Courts may "define" or interpret Ohio Law, as is the same with Federal Law, RIB can not "define" or interpret Federal Law, only the Federal Courts can.

The RIB changed the violation from an administrative rule violation to that of a violation of Ohio Law.  Once the charge was altered, Petitioner was not afforded a continuance as is required by OAC#5120-9-7(EE).

It is not the sanction for the behavior that transforms the conduct into a criminal penalty, it is the changing of the penalty into a violation of criminal conduct that transforms the conduct.  The transformation for allowing the RIB to adjudicate guilt and impose penalties for administrative rule violations to findings of guilt of Ohio Laws, violates the separation of powers doctrine, <u>BRAY vs. RUSSELL</u>, 729 N.E. 2d 359, and also the Ohio Constitution Art. I Sec. 5 & 10 and the VI, VIII, IX, and XIV, Amendments of the U.S. Constitution.

Once the Rules Infraction Board changed the charge from an administrative rule violation to a violation of Ohio Law, the Rules Infraction Board transformed itself from an administrative agency to a judicial branch of the government and to an Ohio Court of Law making judicial decisions which is a violation of the separation of powers doctrine, 381 U.S. 443, and 722 F.2d 562.

-5-

<u>CONCLUSIONS</u>

This Court should conduct a full de novo review of the entire record in this case wherein merit should be found as to each and every ground raised in the Petition.

The Magistrate and this Court should not dismissed this Petition merely because Petitioner is pro se, indigent, and a prisoner

I assert the foregoing is true and correct pursuant to 28 U.S.C 1746 under penalty of perjury.

DATE: 2.15.04

/s/ _David Billups_
David Billups
P.O. Box 7010-211903
Chillicothe, Ohio
7010-45601

<u>CERTIFICATE OF SERVICE</u>

I hereby certify a copy of the foregoing has been served to Counsel for Respondent at" M. Scott Criss#0068105, 140 East Town Street, Columbus, Ohio 43215-6001 this 15th day of February 2004 by regular U.S. Mail.

/s/ _David Billups_
David Billups